## INDUST COMM v ARMSTRONG

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 8977. Decided Nov. 26, 1928.

E. C. Turner, Columbus, and John A. Elden, Cleveland, for Commission.

Cerrezin & Wilson, Cleveland, for Armstrong.

SULLIVAN, P J

The sole question to be decided in this case, under the record as above noted, and under **Section 1465-90** is whether Armstrong had the right of appeal to the Common Pleas Court.

In Common Pleas Court, a jury having been waived, there was a verdict rendered of $15.00 per week for 167 weeks for temporary partial disability and the payments were to begin on September 1, 1925.

Now, the question is; is there prejudicial error in the proceedings below, and this question is answered by propounding the question; does the record of the Industrial Commission upon the application for modification show a final order of such a nature that an appeal would lie therefrom to the court of Common Pleas? We are of the opinion that there is no error of a prejudicial nature for the reason that in the record of the Industrial Commission as of Nov. 9, 1926, bearing upon the application for modification, the entry as noted above shows that the application for modification was considered and reopened and a finding of fact was made thereon, and the finding of fact appeared in the record and is noted herein.

This court has frequently held in cases similar to the one at bar, that the denial of application for a modification of the award made under the provisions of the statute, was a final order and that appeal therefrom would lie to the Common Pleas Court, and we adhere to the rulings heretofore made by this court in cases of a similar nature, and with respect to findings of the Commission which substantially resemble the record in the case at bar.

The cases which we refer to as heretofore adjudicated by this court are **Joyce vs Industrial Commission No. 8357; Klotz vs Industrial Commission No. 8099.**

Under **Perkins vs Industrial Commission 106 OS 233**, on page 242, it is laid down that the jurisdiction of the Industrial Commission is a continuing one and an application for modification or change with respect to

the award, is a natural and logical outcome where circumstances justify the proceedings and it is the spirit of the law, if not the letter, that an application for modification and change in the original award is just as vital as the application itself, and the prerogative under the statute running to the claimant is just as sacred and legal in one instance as it is in the other.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery and Levine, JJ, concur.